IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BRUCE RICH,

    Plaintiff,

v.                                               CASE NO. 1:10-cv-00157-MP-GRJ

WALTER A MCNEIL, et al.,

    Defendants.

_____/

## ORDER

This matter is before the Court on Defendant Julie Deno's Motion for Relief from Default. (Doc. 34). Plaintiff filed his Complaint on August 9, 2010, against Defendant Deno and several other defendants. (Doc. 1). Defendant Deno was served with process on April 5, 2011, with her answer due June 6, 2011. (Doc. 23). On July 25, 2011, Plaintiff moved for a default judgment against Defendant Deno (Doc. 30) and on July 26, 2011 the clerk entered a default. (Doc. 32). Counsel for Defendant Deno also represents Defendants McNeil, Furhman, Andrews, Taylor, and Thigpen in this action and filed an answer to the complaint on behalf of these defendants on July 18, 2011. (Doc. 29). Defendant Deno requests that the Court set aside the default, citing excusable neglect.

Fed. R. Civ. P. 55(c) provides that "[t]he court may set aside an entry of default for good cause." Good cause is a liberal standard that varies from situation to situation, but relevant factors for a court to consider are whether a default was "culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party

presents a meritorious defense." <u>Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion</u>, 88 F.3d 948, 951 (11th Cir. 1996).   Defendant Deno's failure to respond to the Complaint was not "culpable or willful" and appears to be an administrative oversight.  The discovery period in this case was initiated the day before Defendant Deno's motion, and at this point in the progress of the case, Plaintiff will not be prejudiced if the default is set aside.  Defendant Deno is likely to present a meritorious defense similar to the answer filed by her counsel on behalf of other defendants in this case.  (Doc. 29).  Therefore, there is good cause to set aside the default.

Accordingly, it is **ORDERED:**

1. Defendant Deno's Motion for Relief from Default (Doc. 34) is **GRANTED**.

2. The Clerk's default entered on July 26, 2011 (Doc. 32) is **SET ASIDE**.

3. Defendant Deno shall file her response to the Complaint (Doc. 1) **on or before August 8, 2011.**

**DONE AND ORDERED** this 28th day of July, 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge