IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BRUCE RICH,

    Plaintiff,

v.                                                           CASE NO. 1:10-cv-157-MP-GRJ

WALTER A MCNEIL, et al.,

    Defendants.
_____/

## SUMMARY JUDGMENT NOTICE

This case is before the Court on Doc. 38, Defendants Andrews, Deno, Furman, McNeil, Taylor, and Thigpen's motion for summary judgment; Doc. 42, Defendant Hicks' motion for summary judgment; and Doc. 46, Plaintiff's Motion to Extend Time for Discovery Cut-off Date.

Plaintiff's request for an extension of the discovery period, which ended October 26, 2011, appears to be a request for an extension of time to respond to Defendants' motions for summary judgment, which were filed on August 1, 2011 (Doc. 38) and August 24, 2011 (Doc. 42). In Plaintiff's instant motion for extension of time, he references a previous request for extension of time that he states was filed on August 10, 2011. The docket does not reflect that such motion was received by this Court. Although the Court did not receive the August 10, 2011 motion and did not issue an order, Plaintiff has presumed that his request for a 90-day extension of time was granted by the Court and currently seeks an additional extension of time because of his work schedule as a prison dental assistant, limited time to go to the law library, and his

*pro se* status. (Doc. 46). Plaintiff has not shown good cause why his response to the summary judgement motions should be extended for 90 days (his reported initial request) and now for an additional unspecified length of time. Furthermore, an extension of the discovery period would have no impact on the timeliness of his responses to the summary judgment motions.

The Court will decide the summary judgment motions on the basis of the motions, responses, and any evidentiary materials filed by the parties. Plaintiff's response to the motions and any supporting evidentiary materials (counter-affidavits, depositions, exhibits, etc.) must be filed with the Clerk within 30 days from the date of this order. The Court will take the motions under advisement either after the responses are filed, or after the expiration of 30 days, whichever occurs first, and will thereafter issue a report recommending disposition of the motions.

Plaintiff is advised that if the Court grants a Defendant's motion for summary judgment, such would be a final decision of the Court in favor of that party. As a result of such final decision, there would be no trial or other proceedings in this case, and the parties would likely be precluded from later litigating this matter or any related matters. Therefore, Plaintiff is further advised: (1) failing to respond to the summary judgment motion will indicate that the motion is not opposed; (2) all material facts asserted in the motion will be considered admitted unless controverted by proper evidentiary materials (counter-affidavits, depositions, exhibits, etc.); and (3) a party may not rely solely on the allegations of the issue pleadings (*e.g.*, complaint, answer, etc.) in opposing the summary judgment motion. *See Griffith v. Wainwright*, 772 F.2d 822,825 (11th Cir. 1985).

*Case No: 1:10-cv-157-MP-GRJ*

Accordingly, it is **ORDERED:**

1. Plaintiff's Motion to Extend Time for Discovery Cut-Off Date (Doc. 46) is **DENIED.**

2. Plaintiff shall file his response to Defendants' summary judgment motions, Docs. 38 & 42, **on or before November 28, 2011.**

**DONE AND ORDERED** this 28th day of October 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge