IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BRUCE RICH,

    Plaintiff,

v.                                                                      CASE NO. 1:10-cv-157-MP-GRJ

MICHAEL D. CREWS, Secretary,
Florida Department of Corrections, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 97, Plaintiff's Motion for Voluntary Dismissal. Defendant Michael D. Crews does not object to the dismissal of this cause without prejudice. (Doc. 98.) For the reasons discussed below, it is recommended that the motion for voluntary dismissal be granted and this case be dismissed without prejudice.

## BACKGROUND

This case was filed in September 2010 by Plaintiff Bruce Rich, a Jewish inmate currently housed at Union C.I., seeking a kosher diet. This Court previously granted Defendants' motion for summary judgement (Doc. 57), but the Eleventh Circuit reversed and remanded the case, based largely on the developments in another case–*United States v. Secretary,* Case No. 1:12-cv-22958 (S.D. Fla. Aug. 14, 2012). In that case, the Department of Justice filed suit against the Florida Department of Corrections, asserting the same legal claim as the Plaintiff in the instant case. The United States recently amended its complaint to include Plaintiff as a specific example of how the

FDOC's policies substantially burden the religious exercise of Jewish prisoners. (*United States v. Secretary,* Doc. 109 (Nov. 25, 2013).) More importantly, in *United States v. Secretary*, the court granted Plaintiff's motion for a preliminary injunction on December 6, 2013. The Southern District held that several provisions of the DOC's new kosher diet (enacted well after Plaintiff initiated this suit) substantially burdened the religious exercise of Jewish inmates. The court also held that the provisions fail under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc. FDOC has been ordered to submit a plan for a statewide kosher diet by February 28, 2014, and to implement the statewide kosher diet no later than July 1, 2014. (*Id.* at Doc. 106.) This new kosher diet would apply to Plaintiff.

In the instant case, a Case Management and Scheduling Order was issued November 7, 2013, setting the discovery deadline for March 31, 2014 and the dispositive motion deadline for June 30, 2014. (Doc. 93.) Plaintiff advises the Court that the parties have not engaged in any discovery other than exchanging initial disclosures. (Doc. 97.)

## DISCUSSION

Plaintiff has moved for voluntary dismissal under Fed. R. Civ. P. 41(a)(2), which permits voluntary dismissal in cases at this procedural posture with leave of court, "on terms that the court considers proper." "The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." *Potenberg v. Boston Scientific Corp.,* 252 F.3d 1253, 1255 (11th Cir. 2001) (citing *McCants v. Ford Motor Co., Inc.*, 781 F. 2d 855, 857 (11th Cir. 1986)). Voluntary dismissal will generally "be granted unless the defendant will suffer clear legal prejudice, *other than the mere*

*prospect of a subsequent lawsuit*, as a result." *McCants*, 781 F. 2d at 856-57.

Here, Defendants have not alleged any prejudice and do not oppose Plaintiff's motion. (Doc. 98.) The Court finds that Defendants will not be prejudiced by the voluntary dismissal where the parties have not engaged in additional pre-trial discovery and there is no pending motion for summary judgment. Furthermore, because Plaintiff is named in the amended complaint in *United States v. Secretary,* and he asserts that his "interests are fully protected by the United States' suit," any further litigation in the instant case would be inefficient and a waste of scarce judicial resources.

## RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that this case should be **DISMISSED WITHOUT PREJUDICE.**

**IN CHAMBERS** this 9th day of January 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.